UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br>_____ <br><br> This document relates to: <br><br> The cases listed in Exhibit A | MDL NO. 1407 <br><br> ORDER GRANTING IN PART AND DENYING IN PART BAYER CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO DISMISS, AND MOTION TO STRIKE |

Defendant Bayer Corporation ("Bayer") moves the court, pursuant to Rules 8(a), 9(b), 10(b), 12(b)(6), 12(e) and 12(f) of the Federal Rules of Civil Procedure, for entry of an order (i) dismissing Counts III(A), IV(A), and V(A) of plaintiffs' complaints because the Counts do not state a claim upon which relief may be granted; (ii) striking immaterial allegations in the complaints; (iii) requiring more definite and separate statements of claims; and (iv) enlarging the time to respond to any remaining portions of the complaints. Having reviewed the motions, the oppositions filed, and the replies thereto, the court hereby finds and rules as follows:

In November 2005, sixteen virtually identical lawsuits were

ORDER
Page - 1 -

1  filed in Florida state courts. All of the plaintiffs allege
2  injury as the result of ingesting a phenylpropanolamine ("PPA")-
3  containing product. Each plaintiff sued a number of defendants,
4  including Bayer, and allege causes of action for strict
5  liability, negligence, fraud and misrepresentation, negligent
6  misrepresentation, and conspiracy to defraud and conceal. The
7  cases were removed to the United States District Court for the
8  Southern, Middle and Northern Districts of Florida and later
9  transferred to this court as part of Multi-District Litigation
10 1407.
11      As a preliminary matter, the court notes that the complaints
12 fail to comply with Rules 8(a) and 8(e) of the Federal Rules of
13 civil procedure. Rule 8(a) states that "[a] pleading which sets
14 forth a claim for relief...shall contain...a short and plain
15 statement of the claim showing that the pleader is entitled to
16 relief." Rule 8(e)(1) requires that "[e]ach averment of a
17 pleading shall be simple, concise, and direct." Rather than heed
18 this directive, each plaintiff filed a repetitive, often
19 conclusory, discourse that is anything but direct or concise. For
20 instance, the complaint in Lindsay v. Bayer Corporation et al.,
21 No. 5-cv-1031 is 118 pages long and has 519 paragraphs.
22      Remarkably, despite their verbose nature, the complaints
23 also run afoul of Federal Rule 9(b). Rule 9(b) requires that
24 "[i]n all averments of fraud...the circumstances constituting
25 fraud...shall be stated with particularity." Fed.R.Civ.P. 9(b);
26 see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th

ORDER
Page - 2 -

1  Ci. 2003). Thus, to comply with Rule 9(b), averments of fraud
2  must be specific enough to give defendants notice of the
3  particular misconduct they are charged with so that they can
4  defend against the charge and not just deny they have done
5  anything wrong. <u>Vess</u>, 317 F.3d at 1106. To that end, the
6  plaintiffs must plead facts as to time, place, and substance of
7  the defendant's alleged fraud, specifically the details of the
8  defendant's allegedly bad acts, when they occurred, and who
9  engaged in them. <u>See</u>, <u>e.g.</u>, <u>Cooper v. Pickett</u>, 137 F.3d 616, 627.
10 Similarly, allegations of negligent misrepresentation must be
11 plead with particularity. <u>See</u>, <u>e.g.</u>, <u>Harrison Enters., Inc., v.</u>
12 <u>Moran</u>, 1999 WL 1211753 (S.D. Fla. 1999)(recognizing that under
13 Florida law "an action for negligent misrepresentation sounds in
14 fraud rather than negligence," and therefore the pleading
15 requirements of Rule 9(b) apply to such an action).
16     A motion to dismiss a claim pursuant Rule 9(b) for failure
17 to plead with particularity is the functional equivalent of a
18 motion to dismiss under Rule 12(b)(6). <u>Vess</u>, 317 F.3d at 1107.
19 Such dismissals are ordinarily without prejudice. <u>Id.</u> at 1108;
20 <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 701 (9th Cir.
21 1988)(stating that leave to amend should be granted if it appears
22 at all possible that plaintiff can correct the defect).
23     The allegations of fraudulent and negligent
24 misrepresentation contained in plaintiffs' complaints fail to
25 meet the requirements of Rule 9(b). In their oppositions,
26 plaintiffs restate numerous conclusory allegations made in their

ORDER
Page - 3 -

complaints; however, the allegations fail to satisfy Rule 9(b)'s "particularity" requirement and fail to provide Bayer with adequate notice of the precise misconduct with which it is charged. Plaintiffs' claims are based on the contention that Bayer undertook an advertising campaign that through purported "affirmative misrepresentations and omissions, falsely and fraudulently sought to create the impression and to convey to the plaintiff[s] and others on whom the plaintiff[s] would rely that the use of [Alka Seltzer Plus Cold Effervescent Medicine] was safe[.]" Compl. ¶¶ 168, 234. Though plaintiffs quote two alleged misrepresentations they attribute to Bayer, "safe and effective" and "all the doctor recommended ingredients," Compl. ¶¶ 175, 241, plaintiffs do not identify with specificity the precise misrepresentations or omissions made, the time, place, and manner in which they were made, and the persons to whom they were made. Moreover, plaintiffs also fail to allege specific facts regarding their reliance upon the alleged misrepresentation, such as where, when and how they became aware of such alleged misrepresentations. Plaintiffs also fail to allege such basic facts as when they allegedly ingested the PPA-containing products, when their alleged injuries occurred, and when they first discovered that the injuries may have been caused by Bayer's misconduct. Accordingly, Count III(A)-Fraud and Misrepresentation and Count IV(A)-Negligent Misrepresentation

ORDER
Page - 4 -

fail to meet the particularity requirement of Rule 9(b).[1] See United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051 (9th Cir. 2001)(holding that broad allegation that the defendant "knowingly...changed control numbers [on various tests] to wrongfully represent that the laboratory results fell within an acceptable standard of error," where the plaintiff did not specify the "types of tests implicated in the alleged fraud, identify the [defendant's] employees who performed the tests, or provide any dates, times, or places the tests were conducted," did not satisfy Rule 9(b)).

Count V(A), which purports to state a cause of action for civil conspiracy against Bayer, similarly fails. Although Rule 9(b) does not list conspiracy as a cause of action which must be pled with particularity, a complaint will be dismissed where the allegations are conclusory and vague. See Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)(recognizing that if a plaintiff intends to allege conspiracy to commit fraud, she must do so with particularity, as required by Rule 9(b)). In other words, a plaintiff may not simply aver that a conspiracy existed, a factual basis for the legal conclusion that a conspiracy existed must be pled. Id. at 731.

As a threshold matter, because the crux of a civil

---

[1] Because the Counts will be dismissed, it is not necessary for the court to address Bayer's argument that the "additional allegations" contained in the Counts should be stated separately, or in the alternative, should be stricken as immaterial pursuant to Rules 10(b) and 12(f).

ORDER
Page - 5 -

conspiracy is not the conspiracy itself but the tort committed through the conspiracy, a complaint must properly allege all of the elements of the underlying tort. <u>Buckner v. Lower Florida Keys Hosp. Dist.</u>, 403 So.2d 1025, 1027 (Fla. 3d DCA 1981). Accordingly, because plaintiffs' claims for fraudulent misrepresentation fail for lack of particularity, plaintiffs' claims for conspiracy to defraud and fraudulently conceal necessarily fail. Plaintiffs' argument that they need not allege an actionable underlying tort in order to state a claim for civil conspiracy is contrary to well-established Florida law. <u>See</u>, e.g., <u>Buckner</u>, 403 So.2d at 1027. Neither <u>Kilgore Ace Hardware, Inc. v. Newsome</u>, 352 So. 2d 918 (Fla. 2d DCA 1977) nor <u>Blatt v. Green, Rose, et al.</u>, 456 So. 2d 949 (Fla. 3d DCA 1984) cited in plaintiffs' oppositions contradict Bayer's position that the plaintiffs must state a claim for fraudulent misrepresentation in order to state a claim for conspiracy. <u>See</u> <u>Newsome</u>, 352 So.2d at 920 (finding that complaint stated a cause of action for civil conspiracy based on an independent wrong, slander); <u>Blatt</u>, 456 So.2d at 950 (expressly recognizing that a cause of action for civil conspiracy exists only if "the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person" and holding that plaintiff's complaint stated a cause of action for civil conspiracy based on an independent wrong, breach of fiduciary

duty imposed by Florida Probate Code).[2]

Moreover, plaintiffs have failed to allege the facts of conspiracy with the requisite specificity. For example, with respect to the acts allegedly committed by Bayer in furtherance of the conspiracy, plaintiffs simply allege in a conclusory fashion that Bayer and the other alleged conspirators did "[a]dvertise, promote[,] distribute, market and sell PPA-containing products that were defective and unsafe..." without adequate warnings and delay the imposition of labeling requirements and regulatory reclassification of PPA-containing products. Compl. ¶ 313. Simply identifying the subject matter of the alleged acts without any specificity--such as time, place or manner--lacks the particularity required in alleging conspiracy. The facts constituting an alleged conspiracy must be pled, and

---

[2] Plaintiffs' reliance on Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla. 1977) is also misplaced. Although the Churruca court recognized the existence of an "independent tort" of conspiracy under certain circumstances, this does not save plaintiffs' conspiracy claims. In Churruca, the court found that a conspiracy alleged to have been engaged in by Jai-Alai frontons to permanently prevent the re-employment of player who had previously gone on strike "in retaliation for their prior demands" constituted an actionable "independent tort." 353 So.2d at 549. The court recognized that ordinarily "an act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy" but that where persons, who by virtue of their number possess a peculiar power of coercion or economic influence, conspire to act on malicious motives, the conspiracy itself may become an independent tort. Id. at 550. "The essential elements of this" the court stressed, "are a malicious motive and coercion through numbers or economic influence." Id. Neither of these "essential" elements are alleged in the complaints. Accordingly, plaintiffs cannot characterize their claims as one for the independent tort of conspiracy.

ORDER
Page - 7 -

conclusory allegations of conspiracy are insufficient. Accordingly, Count V(A)-Civil conspiracy also fails for lack of particularity.[3]

Count I(A) of the complaints allege that Bayer is strictly liable for plaintiffs' injuries because the PPA-containing product manufactured by Bayer was unreasonably dangerous due to (i)a design defect, (ii)a warning defect, (iii) insufficient testing, (iv) insufficient instructions for use, and (v) misleading advertising. Bayer admits that two Florida district courts of appeal have recognized a separate strict liability cause of action based upon a warning defect, see Griffin V. KIA Motors Corp., 843 So.2d 336 (Fla 1st DCA 2003); Ferayorni v. Hyundai Motor Co., 711 So.2d 1167 (Fla. 4th DCA 1998), but nevertheless argues that plaintiffs' strict liability claims should be dismissed until the Florida Supreme Court determines that such a cause of action exists under Florida law. Bayer's position is contrary to well-established law. The Florida Supreme Court has unequivocally stated that "[t]he decisions of district courts of appeal represent the law of the state unless or until overruled by Supreme Court." Stanfill v. State, 384 So.2d 143, 144 (Fla. 1980). Since the First District Court of Appeals and

---

[3] Because Count V(A) will be dismissed, it is not necessary for the court to address Bayer's argument that the "additional allegations" contained in Count V(A) should be stated as a separate counts, or in the alternative, the allegations should be stricken as impertinent or immaterial pursuant to Rules 10(b) and 12(f).

ORDER
Page - 8 -

the Fourth District Court of Appeals have recognized a separate strict liability warning defect cause of action, this is the law for Florida to which courts must adhere. Id. at 144.

Bayer also argues that Florida law does not recognize a cause of action for strict liability based on insufficient testing of a product, insufficient instructions for use of a product, or misleading advertising of a product. Bayer relies on Adams v. G.D. Searle & Co., Inc., 576 So.2d 728, 730-31 (Fla. 2d DCA 1991) in which the court recognizes that "a manufacturer's duty to inspect and test...is a subpart of a manufacturer's duty to design a product with reasonable case," and thus no cause of action exists for breach of such duty separate and apart from a cause of action for failure to warn or for strict liability based on a design defect. Plaintiffs failed to set forth any authority to rebut this argument. In fact, plaintiffs failed to set forth a single Florida case that recognizes a cause of action for strict liability based on insufficient testing and instructions or misleading advertising. Accordingly, the court finds that these allegations should be stricken from Count I(A).[4]

Based on the foregoing, the court hereby (1) DISMISSES without prejudice Count III(A)-Fraud and Misrepresentation, Count IV(A)-Negligent Misrepresentation, and Count V(A)-Conspiracy to

---

[4] Several of the complaints also purport to state a claim for loss of consortium. Recovery for loss of consortium is dependant on the success of the underlying claims. As such, the loss of consortium claims are limited by the terms of this order.

ORDER
Page - 9 -

Defraud and Conceal of plaintiffs' complaints for failure to satisfy the requirements of Rule 9(b); (2) STRIKES paragraph 20(d), (e) and (f) of Count I(A)-Strict Liability as allegations not recognized under Florida law; and (3) ORDERS plaintiffs to file and serve Amended Complaints drafted in compliance with this order and Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure within thirty (30) days from the date that this order is entered. The court especially emphasizes that the amended complaints shall be a short and plain statement of the claim(s), and shall be simple, concise and direct. Bayer shall have twenty (20) days thereafter to file and serve its Answer or other responsive pleading.

DATED at Seattle, Washington this 29th day of August, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

Lindsay v. Bayer Corporation, et al., 5-cv-1031

Conner v. Bayer Corporation, et al., 5-cv-76

Grace v. Bayer Corporation, et al., 5-cv-72

Hatcher v. Bayer Corporation, et al., 5-cv-165

Hoover v. Bayer Corporation, et al., 5-cv-712

ORDER
Page - 10 -

1  Moment v. Bayer Corporation, et al., 5-cv-299
2  Smith v. Bayer Corporation, et al., 5-cv-74
3  Stepan v. Bayer Corporation, et al., 5-cv-156
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
Page - 11 -